UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS and MARIE GABELLO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>COMMONWEALTH HEALTH PHYSICIAN NETWORK-CARDIOLOGY a/k/a GREAT VALLEY CARDIOLOGY and SCRANTON CARDIOVASCULAR SERVICES, LLC<br><br>                Defendant. | Civil Action No.: |

## NOTICE AND PETITION FOR REMOVAL

TO:    Clerk's Office
         U.S. District Court
         Middle District of Pennsylvania
         235 N. Washington Avenue
         Scranton, PA 18501-1148

         Amil M. Minora
         Paul G. Batyko III
         **MINORA KROWIAK MUNLEY BATYKO**
         700 Vine Street
         Scranton, PA 18510

         *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446 Defendant

Commonwealth Health Physician Network- Cardiology a/k/a Great Valley Cardiology and Scranton Cardiovascular Services, LLC ("Defendant") hereby removes this action filed by Nicholas and Marie Gabello ("Plaintiffs"), individually and on behalf of all others similarly situated from the Court of Common Pleas of Lackawanna County, Pennsylvania, Civ. No. 23-cv-3060, to the United States District Court for the Middle District of Pennsylvania.

## JURISDICTION

1. This is a civil action over which the Court has original subject matter jurisdiction under 28 U.S.C. § 1332. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

2. Pursuant to 28 U.S.C. § 1331, this Court also has original subject matter jurisdiction over Plaintiffs' claims that arise under the laws of the United States.

3. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

## BACKGROUND AND TIMLINESS OF REMOVAL

4. Plaintiffs instituted this action on or about July 19, 2023, in the Court of Common Pleas of Lackawanna County, Civ. No. 23-cv-3060 (hereinafter referred to as the "State Court Action"), naming Commonwealth Health Physician Network- Cardiology a/k/a Great Valley Cardiology and Scranton Cardiovascular Services,

2

LLC as the Defendant.

5. On July 21, 2023, Plaintiffs served Defendant with copies of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached to this Notice as **Exhibit A**.

6. Defendant has not served any answer or responsive pleading to the Complaint, nor have they made any appearance or argument before the State Court. This Notice has been filed with this Court within thirty (30) days of service of the Class Action Complaint, Praecipe Re: Filing of Proof of Service upon Commonwealth Health Physician Network- Cardiology a/k/a Great Valley Cardiology and Scranton Cardiovascular Services, LLC.

## **FEDERAL QUESTION JURISDICTION**

7. Plaintiffs allege that Defendant violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1302(d), *et seq*.; the HIPAA Privacy Rule and HIPAA Security Rule, 45 C.F.R. Part 160 and Part 164, Subparts A, C, and E; and Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1). [Compl., ¶¶ 54-56.] The Complaint alleges that Defendant violated Section 5 of the FTC Act, 15 U.S.C. § 45. [Compl., ¶¶ 48-53.]

8. The Complaint alleges that these violations stem from Defendant's "failure to employ reasonable and appropriate measures to protect against

unauthorized access to consumers' PHI and PII" and that "[t]he Data Breach itself resulted from a combination of inadequacies showing Defendant failed to comply with safeguards mandated by HIPAA." [Compl., ¶¶ 53, 56.]

9. Plaintiffs' bring two negligence per se claims based on violations of Section 5 of the FTC Act and HIPAA. [Compl., ¶¶ 83-88, 89-97.]

10. Accordingly, this Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, by virtue of the federal question arising out of Plaintiffs' claims under HIPAA and Section 5 of the FTC Act.

## CAFA JURISDICTION

11. <u>Basis of Original Jurisdiction.</u> This Court has original jurisdiction over this action under CAFA (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, and any member of the putative class is citizen of a different state than that of the defendant. § 1332(d)(1)-(2)(A); *See Walsh v. Defs., Inc.*, 894 F.3d 583, 586 (3d Cir. 2018).

12. As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (1) this action is pled as a class action; (2) the putative class includes more than one hundred (100) members; (3) "minimal diversity" exists, *i.e.,* members of the putative

class are citizens of a state different from that of Defendant; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 328 (3d Cir. 2017).

## THIS ACTION IS PLED AS A CLASS ACTION

13. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. Plaintiffs brings this action as a "class action" and seek class certification under Pennsylvania law. [Compl., ¶¶ 57-69.] This satisfies the first element of CAFA.

## THE PUTATIVE CLASS INCLUDES AT LEAST ONE HUNDRED (100) MEMBERS

15. Plaintiffs allege that "[i]n February 2023, cybercriminals by passes [Defendant's] security systems and access the 'personally identifiable information' ("PII") and 'protected health information' ("PHI") belonging to its patients." [Compl., ¶ 2.] The Complaint further alleges that "[Defendant]…lost control over 181,764 patients' highly sensitive personal information in a data breach by cybercriminals." [Compl., ¶ 1.] The putative class Plaintiffs seek to represent greatly

exceeds one hundred (100) members.

## "MINIMAL DIVERSITY" OF CITIZENSHIP EXISTS

16. This action is removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

17. The Complaint is pleaded as a putative class action in which Plaintiffs seek to represent "[a]ll residents of the Commonwealth of Pennsylvania whose PHI and PII was compromised in the Data Breach disclosed by [Defendant] in June 2023." [Compl., ¶ 57.]

18. Plaintiffs are citizens of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. Section 1332(d). [Compl., ¶ 11.]

19. Defendant is a Delaware entity with its principal place of business at 4000 Meridian Boulevard, Franklin, TN 37067.

20. "Minimal Diversity" is satisfied in this case.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD

21. Plaintiffs have not alleged a specific amount in controversy in the Complaint. Accordingly, the case must be remanded only if it appears to a legal certainty that the Plaintiffs cannot recover the jurisdictional amount. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Under the "legal certainty test," "[w]hen it appears to a legal certainty that the Plaintiff was never entitled to recover

the jurisdictional amount, the case must be dismissed." *Id.* at 194 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1993) ("When it appears to a legal certainty that the Plaintiffs was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded . . . ."). "The rule does not require the removing defendant to prove to a legal certainty the Plaintiff can recover" $5,000,000. *Id.* at 195 (quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D.Pa. 2006).) Rather, the removing defendant must "justify [its] allegations by a preponderance of the evidence." *Frederico*, 507 F.3d at 197, *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The preponderance of the evidence standard means the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the statutory minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Frederico*, 507 F.3d at 196. Without admitting that Plaintiffs or the purported class could recover any damages, the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs, as established below.

22.  Claim for Negligence. Plaintiffs bring a claim for negligence. [Compl., ¶¶ 70-82.] Specifically, Plaintiffs claim that Defendant had a duty to exercise reasonable care in safeguarding and protecting Plaintiffs' and class members' Personal Information in its possession. The Complaint claims that as a result of

Defendant's alleged breach of its duty, "Plaintiffs and the Class suffered damages including, but not limited to, ongoing and imminent threat of identity theft and/or fraud; credit, debit, and financial monitoring to prevent and/or mitigate theft, identity theft, and or/fraud;" time spent dealing with the incident; and irrecoverable financial losses due to fraud. [Compl., ¶ 81.]

23. The Complaint contains no allegations that would support or suggest the amount of damages Plaintiffs or any of the putative class members allegedly sustained. Nevertheless, combining Plaintiffs' and the putative class members' alleged negligence damages with their other damages' claims adds even more to the total amount in controversy in excess of $5,000,000.

24. <u>Claim for Negligence Per Se</u>. Plaintiffs also bring a claim for negligence per se (included in the negligence count), based on Defendant's alleged violation of the duty established by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1302(d), *et seq.*, the HIPAA Privacy Rule and Security Rule, 45 C.F.R. Part 160 and Part 164, Subparts A, C, and E. [Compl., ¶¶ 89-97.] Additionally, Plaintiffs bring a negligence per se claim based on Defendant's alleged violation of Section 5 of the FTC Act (also included in the negligence count), 15 U.S.C. § 45(a)(1). [Compl., ¶¶ 83-88.]

25. Plaintiffs claim that as a result of Defendant's alleged violations of the above federal statutes and regulations, "Plaintiff and class members suffered and

8

continue to suffer injuries…and are entitled to damages in an amount to be proven at trial." [Compl., ¶¶ 88, 97.] Plaintiffs' negligence per se claims add even more to the total amount in controversy in excess of $5,000,000.

26. <u>Claim for Breach of Fiduciary Duty</u>. Plaintiffs allege that Defendant "owed a fiduciary duty to Plaintiffs and the Class" and that "Defendant breached that fiduciary duty." [Compl., ¶¶ 98-99.] Plaintiffs seek "actual, consequential, and nominal damages and injunctive relief for breach of fiduciary duty." [Compl., ¶ 102.] While unspecified, the aforementioned damages add to the amount in controversy in excess of $5,000,000.

27. <u>Claim for Breach of Implied Contract</u>. Plaintiffs allege that an implied contract was formed with Defendant, a key term of which was that "Defendant agreed it would not disclose the PHI it collects from patients to unauthorized parties." [Compl., ¶¶ 103-115.] Plaintiffs allege that Defendant breached this implied contract by "failing to properly safeguard and protect Plaintiffs' and members of Class's PHI," "failing to comply with industry standards as well as legal obligations that are necessarily incorporated in the parties' agreement," and "failing to ensure the confidentiality and integrity of electronic PHI." [Compl., ¶ 109.] Plaintiffs allege that they and putative class members "have sustained damages as a result of Defendant's breaches of its agreement." [Compl., ¶ 115.] These alleged contractual damages add even more to the amount in controversy in excess of

9

$5,000,000.

28. <u>Claim for Breach of Confidence</u>. Plaintiffs claim that Defendant is liable in damages for the tort of breach of confidence. [Compl., ¶¶ 116-27.] Plaintiffs allege that "Defendant voluntarily received in confidence Plaintiffs' and Class Members' personal data with the understanding that the personal data would not be disclosed or disseminated to the public or any unauthorized third parties." [Compl., ¶ 122.] Plaintiffs further claim that, because of Defendant's alleged breach of confidence, that they and the putative class "have suffered, and continue to suffer, injuries and damages…including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses." [Compl., ¶¶ 126-27.] These damages contribute even more to the amount in controversy beyond the $5,000,000 threshold.

29. <u>Claim for Publicity Given to Private Life</u>. Plaintiffs claim that "one who gives publicity to matters concerning the private life of another…is subject to liability to the other for invasion of his privacy." [Compl., ¶ 129.] Plaintiffs allege that Defendant is liable for the disclosure of their private information, and that they and the putative class "have suffered a *de facto* injury, which entitles them to damages." [Compl., ¶ 132.] These damages are sufficient to bring the amount in controversy well in excess of $5,000,000.

30. <u>Attorneys' Fees</u>. In addition, Plaintiffs seek attorneys' fees, which "can

10

exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA." *Id.* (citing 28 U.S.C. § 1332(d)(6) and *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)) ("Moreover, in calculating the amount in controversy, we must consider potential attorneys' fees."). Assuming 25% of attorneys' fees recovered on the total amount, the attorneys' fees in this case could far exceed the $5,000,000.00 removal threshold.

## NOTICE

31. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. To the contrary, Defendant disputes both the viability of Plaintiffs' claims and her ability to recover any damages.

32. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

33. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

34. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). *See* Exhibit B, court of Common Pleas Notice of Removal.

WHEREFORE, Defendant prays that the above action now pending against it in Court of Common Pleas of Lackawanna County be removed therefrom to this Court.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Michael S. Friedman (PA #88228)
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
michael.friedman@jacksonlewis.com

Dated: August 14, 2023

ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS and MARIE GABELLO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>COMMONWEALTH HEALTH PHYSICIAN NETWORK-CARDIOLOGY a/k/a GREAT VALLEY CARDIOLOGY & SCRANTON CARDIOVASCULAR SERVICES, LLC<br><br>　　　　　　　Defendant. | Civil Action No.: |

## CERTIFICATION OF SERVICE

I hereby certify that true and correct copies of Defendants' Notice and Petition for Removal, Notice of Compliance with 23 U.S.C. § 1446(d), Civil Cover Sheet, and this Certification of Service was served this 14th day of August, 2023, via overnight mail, upon the following:

Amil M. Minora
Paul G. Batyko III
**MINORA KROWIAK MUNLEY BATYKO**
700 Vine Street
Scranton, PA, 18510
*Attorneys for Plaintiff*

By: _____
Michael S. Friedman (PA #88228)
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
michael.friedman@jacksonlewis.com

4875-1194-4306, v. 1

2